No. 569

No. 18787—Charles F. Scheible, Mayor, v. John H. Hogan.

No. 18853—John H. Hogan et al. v. Public Utilities Commission.

Error to the Court of Appeals of Mahoning county.

Error to the Public Utilities Commission.

118. AUTOMOBILES—1. Certificate of convenience may be revoked, altered or amended by commission—Hearing on notice.

2. If such certificate is amended during pendency of error proceedings, so as to nullify the disputed provisions, upon which the judgment is procured, further proceedings unauthorized.

MARSHALL, C. J.

1. A certificate of convenience and necessity issued to a motor transportation company by the public utilities commission is a revokable license which confers no property rights upon the holder thereof and for good cause shown the same may at any time be revoked, altered or amended by the commission.

2. Such right to revoke, alter or amend applies equally to a certificate issued by virtue of an affidavit filed by motor transportation companies operating on or before April 28, 1923, and a certificate issued upon the written application of motor transportation companies beginning operations after that date.

3. Any such order revoking, altering or amending a certificate may be entered upon good cause shown upon not less than five days notice to the holder thereof and an opportunity to be heard.

4. Where a judgment has been entered by a court of competent jurisdiction in favor of a motor transportation company based upon the operative provisions of a certificate of convenience and necessity issued by the public utilities commission and thereafter and during the pendency of error proceedings such certificate is altered or amended by the commission in such a manner as to nullify those provisions upon which the judgment is founded, a reviewing court is not authorized to further proceed. (Miner v. Witt, 82 Ohio St., 237.)

Judgment reversed.

Order affirmed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.